IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT D. NICKLOW, SR.,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC. ) | |
| And  TRANS UNION, LLC. ) | TRIAL BY JURY IS DEMANDED. |
| **Defendants** | |

## COMPLAINT

COMES NOW the Plaintiff, ROBERT D. NICKLOW, SR, (hereafter the "Plaintiff"), by counsel, and for his complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

2. Prior to June 2010, LVNV Funding, LLC continuously attempted to collect a debt from Plaintiff on a credit card account with Citi Cards CBSD, N.A. for which Plaintiff had never applied and which he had never used.  Each Defendant consumer reporting agency ignored his disputes and unlawfully and blindly "parroted" the reporting and responses of their creditor-customer, LVNV Funding.

## JURISDICTION

3. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §1681(p) and 28 U.S.C. §1331. Venue is proper as the Defendants maintain its registered offices within the boundaries for the Western District of Pennsylvania, Plaintiff resides in this District and significant parts of the Plaintiff's claim occurred in Pennsylvania.

## PARTIES

4. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

5. Upon information and belief, Equifax Information Services, LLC. ("Equifax") is a corporation authorized to do business in the State of Pennsylvania through its registered offices.

6. Upon information and belief, Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, Experian Information Solutions, Inc. ("Experian") is a corporation authorized to do business in the State of Pennsylvania through its registered offices.

9. Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, Trans Union, LLC. ("Trans Union") is a corporation authorized to do business in the State of Pennsylvania through its registered offices.

12. Upon information and belief, Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

13. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief LVNV Funding, LLC is a foreign corporation doing business as a servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers and a "furnisher" as governed by the FCRA.

**FACTS**

15. In or around June 2010, Plaintiff learned that a Citi Cards account that was solely owned by his late wife, was being reported on his credit reports with Equifax, Experian and Trans Union.

16. This fraudulent account was apparently opened through Citi Cards and was allegedly purchased by LVNV Funding, LLC ("the Account").

17. Thereafter, Plaintiff notified all three national credit reporting agencies, Defendants Equifax, Experian and Trans Union, on multiple occasions that the account did not

belong to him and that it apparently belonged to his late wife, Margaret Alice Nicklow, who passed away in March 2007.

18. Defendants, Equifax, Experian and Trans Union each responded to Plaintiff's disputes by advising that the account had been "verified" as belonging to Plaintiff.

19. Defendants Equifax, Experian and Trans Union each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file. It continued to refer to LVNV Funding as the responsible furnisher and directed the Plaintiff to contact LVNV Funding to dispute further.

20. On multiple occasions, Equifax, Experian and Trans Union each furnished the Plaintiff's consumer reports and inaccurately represented that the Plaintiff remained obligated to "LVNV", which entity was reporting an ongoing collection.

21. Equifax, Experian and Trans Union each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate and fraudulent account.

### COUNT ONE: 15 U.S.C. 1681i(a)(1)
### (EQUIFAX, EXPERIAN and TRANS UNION)

22. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

23. Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

24. As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and

as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

25. Equifax, Experian and Trans Union's conduct, actions and inactions was willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

26. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO: 15 U.S.C. § 1681i(a)(2)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

27. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

28. Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to Resurgent all relevant information regarding the Plaintiff's dispute.

29. As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

30. Equifax, Experian and Trans Union's conduct, actions and inactions was willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

31. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE: 15 U.S.C. § 1681i(a)(4)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

32. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff in his disputes.

34. As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

35. Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

36. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FOUR: 15 U.S.C. § 1681i(a)(5)(A)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

37. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

38. Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file upon a lawful reinvestigation.

39. As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

40. Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants on his individual claims; attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

May 15, 2012                                   Respectfully submitted,

                                               ROBERT D. NICKLOW, SR. ,

                                                 s/ James M. Pietz
                                               James Pietz, Esq.
                                               Pietz Law Office
                                               Allegheny Building
                                               429 Forbes Ave., Suite 1616
                                               Pittsburgh, Pa. 15219
                                               412-288-4333
                                               fax: 412-288-4334
                                               jpietz@jpietzlaw.com

                                               LEONARD A. BENNETT, VSB #37523
                                               CONSUMER LITIGATION ASSOCIATES, P.C.
                                               763 J. Clyde Morris Boulevard, Suite 1-A
                                               Newport News, VA 23601
                                               (757) 930-3660 - Telephone
                                               (757) 930-3662 - Facsimile
                                               E-mail: lenbennett@clalegal.com

                                               *Pro Hac Vice Counsel (to be requested)*

                                               SUSAN M. ROTKIS, VSB #40693
                                               CONSUMER LITIGATION ASSOCIATES, P.C.
                                               763 J. Clyde Morris Boulevard, Suite 1-A
                                               Newport News, VA 23601
                                               (757) 930-3660 - Telephone
                                               (757) 930-3662 - Facsimile
                                               E-mail: srotkis@clalegal.com
                                               *Pro Hac Vice Counsel (to be requested)*