IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT D. NICKLOW, SR.,

      Plaintiff,                        12cv665

                                            **ELECTRONICALLY FILED**
      v.

EQUIFAX INFORMATION SERVICES,
LLC ET AL,

      Defendants.

**ORDER ON MOTION PRACTICE**

      The parties, in addition to the rules set forth in the Federal Rules of Civil Procedure and the Court's local rules, shall follow the procedures set forth below in making or responding to motions in any case assigned to this member of the Court.  This Order supersedes any prior Order on these matters in this action.

      1.      **Form of Motions.**  A motion should consist of a document setting forth, in a short and plain statement, the factual and legal grounds for the relief sought.  Other than routine administrative/scheduling motions, each substantive motion shall also be supported by a brief in support that contains the factual and legal support for the relief sought.  Evidentiary materials in support of, or opposition to, a motion should be plainly marked and may be attached to the motion or brief, or compiled and filed in a separate document.  Counsel should furnish only the evidentiary materials that are necessary to deciding the motion.  A proposed order setting forth the specific relief requested shall be filed as a separate attachment.

      2.      **Form of Responses.**  The opposing party shall file with the clerk a response to every motion.  Unless otherwise directed, the response should be titled in the form of "A's Response in Opposition to B's Motion [for/to] _____."  A brief shall be filed with the response to each substantive motion.  A proposed order shall be filed as a separate attachment.

3. **Routine or Unopposed Motions.**  Each such motion shall affirmatively state that the motion has been discussed with all parties, the position of each party as to the motion, and the relief it seeks.  If the non-moving party or parties do not oppose the motion, or the motion is of a type that normally does not implicate the substantial rights of a non-moving party (e.g., motion to withdraw as counsel, motion to set a conference, many motions for extension of time), the non-moving party shall so state in its response.  No response need be filed to a joint or unopposed motion.  The Court may decide motions that do not implicate the substantial rights of the opposing party, or which state that the motion is either joint or not opposed by all parties without a response.  Absent such action by the Court, however, a response should be filed for all motions.  Letters do not constitute responses on the record.  Failure to respond may be deemed as conceding the grounds for the motion.

4. **Deadlines for Responses**.

a. Responses to motions relating to discovery or other non-dispositive pretrial motions shall be filed 7 days from the date of service of the motion.  Should the moving party believe that there is particular urgency to the grant or denial of a motion requiring expedited treatment due to the particular facts or circumstances of the matter, they should so state in the motion, and also advise Chambers of same, and the Court may consider modifying the response time.  The Court frequently resolves discovery and non-dispositive pretrial motions by telephone conference, which any party may request.  The Court also may schedule a telephone conference before the time runs for any response.  In such case, the non-moving party is excused from filing a written response and should state its position at the telephone conference.

      b.      Responses to motions for summary judgment shall be filed 30 days from the date of service of the motion.

      c.      Responses to all other motions shall be filed 14 days from the date of service of the motion.

      d.      The Court will not otherwise issue briefing orders. Upon the filing of a motion, the parties should proceed as set forth in this Order.

**5.**    **Reply Briefs.**  A reply brief is defined as the second brief advocating a party's position on the same motion filed after the non-moving party's response. Reply briefs may be filed, without leave of court, 7 days (14 days for replies in summary judgment matters) from the date of the response to which they reply. Reply briefs are most helpful when they identify and respond to the novel matters contained in the opposition brief that merit a reply. Surreply briefs, or other briefs, may be filed only with leave of court, obtained in advance of filing.

**6.**    **Oral Argument.**  Motions may be decided with or without oral argument as determined by the Court. Any party believing that oral argument will materially advance the decisional process may so advise the Court and request argument.

**7.**    **Extensions.**  Motions to extend deadlines should be made as any other motion, but are more likely to be decided without response because of the Court's inherent discretion over this subject. Unopposed requests to extend a filing deadline by three (3) days or less may be referred to the Court in the first instance by a phone call to Chambers. Every proposed order accompanying a motion to extend deadlines shall include the date certain, or a blank space for insertion of the date certain, on which the proposed new deadline falls. On a motion that affects more than one deadline, such as an extension of discovery that affects all deadlines in the case management order, the proposed order shall restate all of the deadlines affected.

8. **Joint Motions.**  Joint or uncontested motions on matters that do not implicate the substantial rights of the parties are encouraged and will be promptly decided.  A joint or uncontested motion shall so state in its title.  Joint motions in cases with more than two parties that have the consent of fewer than all the parties shall so state on the first page.  Counsel's representation that a motion is joint or consented to is sufficient.

9. **Page Limits.**

   a. Briefs in support of and opposing discovery motions shall be limited to **10** pages.

   b. Briefs in support of and opposing motions in limine shall be limited to **10** pages.

   c. Briefs in support of and opposing summary judgment motions shall be limited to **25** pages, excluding tables.

   d. Briefs in support of and opposing all other motions shall be limited to **15** pages.

   e. Reply briefs as to motions to dismiss or summary judgment motions shall be limited to **15** pages; as to all other motions **10** pages.

   f. All text in briefs shall be in 12 point font (footnotes in at least 10 point font), with one inch margins.  Text must be double-spaced; footnotes may be single-spaced.  Evasion of these standards or page limits will cause the excess material to be treated as being outside the record without further notice to counsel.

   g. Counsel and the parties should be aware that in the Court's experience,

shorter briefs are almost always more persuasive because they get to the point faster.  They also contain less extraneous material that dilutes the parties' main arguments and frequently interferes with prompt resolution.

10. **Citations in briefs.**  The argument portion of every brief in support of or in response to a motion shall cite to current authority from the Supreme Court of the United States or the United States Court of Appeals for the Third Circuit.  Otherwise, citation to current authority from a district court in this circuit or another Court of Appeals, if available, that establishes the legal point argued is most appropriate.

11. **Courtesy Copies.**  If any brief together with appendices or exhibits equals or exceeds 50 pages, a courtesy paper copy of the brief and appendices or exhibits shall be furnished to the Court at the time the brief and appendices or exhibits are electronically filed.  Counsel should not submit any other courtesy copies unless requested by the Court.

11. **Other Deadlines.**  This Order does not affect response deadlines set by any federal statute or the computation of time under Federal Rule of Civil Procedure 6.

12. **Discretion to Amend.**  The Court may alter any of these provisions by Order, or by notice from court staff at the Court's direction.

**SO ORDERED** this 22nd day of May, 2012.

s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

cc: Counsel of Record