IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. NICKLOW, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX INFORMATION SERVICES )<br>LLC; EXPERIAN INFORMATION )<br>SOLUTIONS, INC.; TRANS UNION LLC, )<br>)<br>Defendants. ) | Case No. 2:12-CV-00665-LPL |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER AND DEFENSES TO COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), for its response to Plaintiff's Complaint states as follows:

**ANSWER**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act ("FCRA") and seeks actual, statutory and punitive damages, costs, and attorney's fees. Equifax denies that it violated the FCRA, or any other law, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax denies the allegations contained in paragraph 2 of the Complaint as they

pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and therefore, denies the same.

3. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court. Equifax admits that it maintains a registered agent in Dauphin, Pennsylvania. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3, and therefore denies the same.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies the same.

5. Equifax admits the allegations in paragraph 5.

6. Equifax admits the allegations in paragraph 6.

7. Equifax admits that it provides consumer reports to third parties with a permissible purpose for obtaining the reports, that the reports are provided under contractual agreements, and that Equifax is paid for the reports.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies the same.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies the same.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies the same.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies the same.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies the same.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies the same.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies the same.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies the same.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies the same.

17. Equifax admits that Plaintiff contacted Equifax to dispute account. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17, and therefore denies the same.

18. Equifax admits that the furnisher verified the accuracy of the account. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18, and therefore denies the same.

19. Equifax denies the allegations contained in paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and therefore, denies the same.

20. Equifax denies the allegations contained in paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and therefore, denies the same.

21. Equifax denies the allegations contained in paragraph 21 as they pertain to

Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and therefore, denies the same.

22. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

23. Equifax denies the allegations contained in paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23, and therefore, denies the same.

24. Equifax denies the allegations contained in paragraph 24 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24, and therefore, denies the same.

25. Equifax denies the allegations contained in paragraph 25 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25, and therefore, denies the same.

26. Equifax denies the allegations contained in paragraph 26 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and therefore, denies the same.

27. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

28. Equifax denies the allegations contained in paragraph 28 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28, and therefore, denies the same.

29. Equifax denies the allegations contained in paragraph 29 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in paragraph 29, and therefore, denies the same.

30. Equifax denies the allegations contained in paragraph 30 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and therefore, denies the same.

31. Equifax denies the allegations contained in paragraph 31 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and therefore, denies the same.

32. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

33. Equifax denies the allegations contained in paragraph 33 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33, and therefore, denies the same.

34. Equifax denies the allegations contained in paragraph 34 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34, and therefore, denies the same.

35. Equifax denies the allegations contained in paragraph 35 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35, and therefore, denies the same.

36. Equifax denies the allegations contained in paragraph 36 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36, and therefore, denies the same.

37. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

38. Equifax denies the allegations contained in paragraph 38 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38, and therefore, denies the same.

39. Equifax denies the allegations contained in paragraph 39 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39, and therefore, denies the same.

40. Equifax denies the allegations contained in paragraph 40 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40, and therefore, denies the same.

41. Equifax denies the allegations contained in paragraph 41 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41, and therefore, denies the same.

Equifax denies that Plaintiff is entitled to any of the relief set forth in Plaintiff's prayer for relief.

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

### DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

Plaintiff has not alleged any injury or fact.

## SIXTH DEFENSE

Plaintiff has not sustained any damages.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate his damage, if any.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims against Equifax may be barred by the applicable statute of limitations.

## NINTH DEFENSE

At all pertinent times, Equifax acted in good faith and without malice or intent to injure Plaintiff.

## TENTH DEFENSE

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

## ELEVENTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

## TWELFTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

## THIRTEENTH DEFENSE

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax be dismissed as a party to this action;

(3)     That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 22nd day of June, 2012.

> EQUIFAX INFORMATION SERVICES LLC
>
> /s/ *Rex F. Brien*
> Rex F. Brien, Esquire
> CHRISTIE PABARUE MORTENSEN & YOUNG, *A Professional Corporation*
> 1880 JFK Boulevard, 10th Floor
> Philadelphia, PA 19103
> Telephone: (215) 587-1600
> Facsimile: (215) 587-1699
> rfbrien@cpmy.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO COMPLAINT with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record identified via transmission of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| James Pietz, Esquire<br>Pietz Law Office<br>Allegheny Building<br>429 Forbes Ave., Suite 1616<br>Pittsburgh, PA  15219<br>Attorneys for Plaintiff | Kevin C. Meacham, Esquire<br>Jones Day<br>500 Grant Street<br>Suite 4500<br>Pittsburgh, PA 15219<br>Attorneys for Defendant<br>Experian Information Solutions, Inc. |

Dated: June 22, 2012

/s/ *Rex F. Brien*