UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

---

| | |
|---|---|
| ROBERT D. NICKLOW, SR., | CASE NO. 2:12-cv-00665-MRH |
| Plaintiff, | ELECTRONICALLY FILED |
| vs. | |
| EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC; | |
| Defendants. | |

---

### TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2. Prior to June 2010, LVNV Funding, LLC continuously attempted to collect a debt from Plaintiff on a credit card account with Citi Cards CBSD, N.A. for which Plaintiff had never applied and which he had never used. Each Defendant consumer reporting agency ignored his disputes and unlawfully and blindly "parroted" the reporting and responses of their creditor-

customer, LVNV Funding.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that, "[p]rior to June 2010, LVNV Funding, LLC continuously attempted to collect a debt from Plaintiff on a credit card account with Citi Cards CBSD, N.A. for which Plaintiff had never applied and which he had never used," which has the effect of a denial under Rule 8(b)(5). Trans Union denies the remaining allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURISDICTION

3. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §1681(p) and 28 U.S.C. §1331. Venue is proper as the Defendants maintain its registered offices within the boundaries for the Western District of Pennsylvania, Plaintiff resides in this District and significant parts of the Plaintiff's claim occurred in Pennsylvania.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Upon information and belief, Equifax Information Services, LLC. ("Equifax") is a corporation authorized to do business in the State of Pennsylvania through its registered offices.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Upon information and belief, Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8. Upon information and belief, Experian Information Solutions, Inc. ("Experian") is a corporation authorized to do business in the State of Pennsylvania through its registered offices.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

11. Upon information and belief, Trans Union, LLC. ("Trans Union") is a corporation authorized to do business in the State of Pennsylvania through its registered offices.

**ANSWER:** Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12. Upon information and belief, Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

13. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14.     Upon information and belief LVNV Funding, LLC is a foreign corporation doing business as a servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers and a "furnisher" as governed by the FCRA.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### FACTS

15.     In or around June 2010, Plaintiff learned that a Citi Cards account that was solely owned by his late wife, was being reported on his credit reports with Equifax, Experian and Trans Union.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     This fraudulent account was apparently opened through Citi Cards and was allegedly purchased by LVNV Funding, LLC ("the Account").

**ANSWER:** Trans Union states that the allegations of this paragraph that, "[t]his . . . account" was "fraudulent" are legal conclusions and, so stating, denies them.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.     Thereafter, Plaintiff notified all three national credit reporting agencies, Defendants Equifax, Experian and Trans Union, on multiple occasions that the account did not belong to him and that it apparently belonged to his late wife, Margaret Alice Nicklow, who passed away in March 2007.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. Defendants, Equifax, Experian and Trans Union each responded to Plaintiff's disputes by advising that the account had been "verified" as belonging to Plaintiff.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19. Defendants Equifax, Experian and Trans Union each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file. It [sic] continued to refer to LVNV Funding as the responsible furnisher and directed the Plaintiff to contact LVNV Funding to dispute further.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20. On multiple occasions, Equifax, Experian and Trans Union each furnished the Plaintiff's consumer reports and inaccurately represented that the Plaintiff remained obligated to "LVNV", which entity was reporting an ongoing collection.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21. Equifax, Experian and Trans Union each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate and fraudulent account.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT ONE: 15 U.S.C. 1681i(a)(1)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

22. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

23. Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

24.     As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25.     Equifax, Experian and Trans Union's conduct, actions and inactions was [soc] willful, rendering it [sic] individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT TWO:  15 U.S.C. § 1681i(a)(2)
## (EQUIFAX, EXPERIAN and TRANS UNION)

27.     Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

28.     Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to Resurgent all relevant information regarding the Plaintiff's dispute.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.     As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.     Equifax, Experian and Trans Union's conduct, actions and inactions was [sic] willful, rendering it [sic] individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT THREE: 15 U.S.C. § 1681i(a)(4)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

32. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

33. Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff in his disputes.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering it [sic] individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT FOUR: 15 U.S.C. § 1681i(a)(5)(A)
### (EQUIFAX, EXPERIAN and TRANS UNION)

37. Plaintiff restates and incorporates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

38. Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file upon a lawful reinvestigation.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39. As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering it [sic] individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax, Experian and Trans Union were each negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants on his individual claims; attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**TRIAL BY JURY IS DEMANDED.**

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

<u>s/ Andrew M. Lehmann</u>
William R. Brown, Esq.  (IN #26782-48)
  (Admitted *Pro Hac Vice*)
Andrew M. Lehmann, Esq.*  (MI #P75724)
  (Admitted *Pro Hac Vice*)
*Admitted in Michigan only
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com
             alehmann@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*

Matthew M. Pavlovich, Esq.
(PA #74568)
Pavlovich & Ruschak, P.C.
304 Ross Street, Suite 500
Pittsburgh, PA  15219
Telephone:  412-697-7847
Fax:  412-697-7859
E-Mail:  mpavlovich@prpclaw.com

*Counsel for Trans Union, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **5th day of July, 2012**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| James M. Pietz, Esq. <br> jpietz@jpietzlaw.com | Kevin C. Meacham, Esq. <br> kcmeacham@jonesday.com |
| Rex F. Brien, Jr., Esq. <br> rfbrien@cpmy.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **5th day of July, 2012**, properly addressed as follows:

| | |
|---|---|
| None. | |

 

*s/ Andrew M. Lehmann*
William R. Brown, Esq.  (IN #26782-48)
  (Admitted *Pro Hac Vice*)
Andrew M. Lehmann, Esq.*  (MI #P75724)
  (Admitted *Pro Hac Vice*)
*Admitted in Michigan only
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com
         alehmann@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*