IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. NICKLOW, SR., <br>     Plaintiff, | Civil Action No. 2:12-00664 |
| v. | Judge Mark R. Hornak |
| LVNV FUNDING, LLC, <br>     Defendant. | **LEAD CASE** |

| | |
|---|---|
| ROBERT D. NICKLOW, SR., <br>     Plaintiff, | Civil Action No. 2:12-00665 |
| v. | Judge Mark R. Hornak |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SERVICES, LLC, and TRANS UNION, LLC, <br>     Defendants. | **MEMBER CASE** |

## INITIAL CASE MANAGEMENT ORDER

AND NOW, this 27th day of July, 2012, an initial case management conference having been held pursuant to Federal Rule of Civil Procedure 16, it is hereby ORDERED that the parties comply with the following:

    1. **Local Rule 16.1:** This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures.

    2. **Settlement Negotiations:** Counsel for the parties shall confer with their clients before all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the Court. If a party anticipates potentially relying upon an insurance carrier to satisfy all or part of any award, a representative of the insurance carrier(s)

who possesses settlement authority shall be available to participate in all case management conferences, status conferences, and settlement negotiations, including ADR sessions, either in-person or via telephone.

3. **Initial Scheduling:** The parties shall comply with the following deadlines:

a) Disclosures pursuant to Fed. R. Civ. Pro. 26(a) shall be made on or before August 17, 2012.

b) Additional parties shall be joined on or before October 1, 2012.

c) Amended pleadings and pretrial motions relating to discovery or this Order shall be filed on or before October 1, 2012.  This deadline does not apply to motions to extend discovery, motions to compel discovery, motions *in limine*, motions for summary judgment, or other pretrial motions.

Responses to motions relating to discovery or this Order shall be filed within seven (7) days from the date of service of the motion.  The Court frequently resolves such motions by telephone conference, which the parties may request.  The Court may also schedule a telephone conference before the time runs for any response.  In such a case, the non-moving party is excused from filing a response; instead, said party should be prepared to state its position at the telephone conference.

Replies to such responses shall be filed seven (7) days from the date of service of the response.  Replies may be filed without the leave of the Court.  Surreplies shall not be filed without leave of the Court obtained in advance.  For further information regarding general motions practice, please see the "Chambers' Rules" website available from the United States District Court for the Western District of Pennsylvania's homepage.

  d) All fact discovery (as to any and all claims or defenses alleged or asserted) shall be completed on or before January 17, 2013. The Court may extend the discovery deadline upon a showing of good cause and upon motion filed prior to the expiration of such deadline. The motion shall: (i) specifically state all discovery completed to date and to be conducted if the extension is granted; (ii) contain a showing of good cause for the requested extension; (iii) list any previous extensions of discovery; and (iv) attach a proposed order which establishes specifically the extended closure date being requested and setting forth the discovery to be conducted.

  4. **Alternative Dispute Resolution (ADR):** The parties are advised to comply with all ADR requirements pursuant to Local Rule of Civil Procedure 16.2. The parties are directed to promptly schedule and file the notice of the ADR proceeding.

  5. **Procedures Following Inadvertent Disclosure ("Clawback")**: Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

  a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

  b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

      c)      If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

6. **Post-Discovery Status Conference:** The Court will hold a Post-Discovery Status Conference on Friday, January 18, 2013 at 10:00 a.m.

*s/ Mark R. Hornak*
Mark R. Hornak
United States District Judge

cc:    All counsel of record